IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EX REL. CHARLES T. PALADINO** | : | **CIVIL ACTION** |
| v. | : | |
| **MICHAEL E. KUNZ** | : | **NO. 07-cv-4342** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from state custody. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001).

By means of AEDPA, Congress provided that in the context of a petitioner who is in state custody, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2254 for constitutional attacks[1] on the imposition, *and/or* the execution, of a state conviction and/or a state sentence. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001).

By means of AEDPA, Congress created a series of ***intentionally restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail in his petition

---

[1] For the purposes of brevity, we will use the term "constitutional" to refer not only to attacks on alleged violations of the U.S. Constitution, but also to attacks based on alleged violations of federal statutes and treaties involving the United States.

1

seeking the issuance of a writ of habeas corpus, including the *"second or successive rule,"* created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a 28 U.S.C. §2254 habeas if that litigant had a prior 28 U.S.C. §2254 habeas (attacking the same state conviction and/or sentence) which was dismissed with prejudice.[2]  Pursuant to AEDPA's second or successive rule, before a second or successive 28 U.S.C. §2254 petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court; without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition.  Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005).

On October 17, 2007, petitioner filed a petition in this court, labeled 07-cv-4342 by the Clerk of this Court, seeking Habeas Corpus relief.  In the instant matter, petitioner raises the argument that he has been wrongly denied in forma pauperis status, docket sheets and information in another matter which is still pending before this court; this allegedly has violated his rights to due process, as guaranteed by the Fifth and Fourteenth Amendments to the Constitution.  As it is a constitutional argument attacking his custodial status, this is clearly the type of argument best raised pursuant to 28 U.S.C. §2254; however, petitioner purports to seek habeas corpus relief pursuant to 28 U.S.C. §2241, rather than pursuant to 28 U.S.C. §2254.  Any constitutional attack on state custody as a result of a state judgment must be pursued under §2254, and not pursuant to §2241.  Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Coady v.

---

[2]Pursuant to the language of 28 U.S.C. §2244(b) itself, the AEDPA "second or successive rule" applies to 28 U.S.C. §2254 petitions. The AEDPA "second or successive rule" does not apply to 28 U.S.C. §2241 petitions. Zayas v. INS, 311 F.3d 247 (3rd Cir. 2002).

Vaughn, 251 F.3d 480 (3d Cir. 2001).

Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court may not re-characterize such a document as a 28 U.S.C. §2254 petition without first:

1. notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; *and*

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); *and*

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; *and*

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid recharacterization, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, this petition was not filed with the requisite current standard 28 U.S.C. §2254 form, prescribed by this court, effective December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to USA v. Thomas, 221 F.3d 430 (3d Cir. 2000) (which relates to the *strict* and *short* statute of limitations that exists for filing a 28 U.S.C. §2254 petition); and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) (which relates to the *strict* restrictions on filing a second or successive 28 U.S.C. §2254 petition) (these specific Thomas and Mason warnings are contained in the introductory text of this court's  aforesaid current standard

§2254 form). Whereas all district courts within the Third Circuit are required to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, this Court may not "waive" the form requirements of Local Civil Rule 9.3(b).

Accordingly, this                       Day of October, 2007, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

2. Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 07-cv-4342 as a 28 U.S.C. §2254 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court.

3. Petitioner is formally placed on notice that if he does complete and return the §2254 form, that AEDPA's second or successive rule may apply, as fully explained in the above paragraphs, depending on the final disposition of the merits of his prior §2254 habeas, currently pending at 07-cv-3464.

4. Petitioner is formally placed on notice that if he insists that 07-cv-4342 proceed as a 28 U.S.C. §2241 petition, that 07-cv-4342 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

5. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 07-cv-4342 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

                               **s/ BERLE M. SCHILLER**
                               **BERLE M. SCHILLER, U.S. District Judge**