IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EX REL. CHARLES PALADINO      :        CIVIL ACTION
                                :
        v.                    :
                                :
MICHAEL E. KUNZ, et al.        :        NO.  07-4342

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                            MARCH 31, 2008
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Charles Paladino.  Petitioner has also filed § 2241 petitions in two other civil actions pending in this Court.[1]  He is in the custody of the Philadelphia prison system awaiting trial which is scheduled to be held next month in the Court of Common Pleas of Philadelphia.[2]  As explained below, Paladino's three habeas petitions should be consolidated under Civil Action No. 07-370, and the consolidated petitions should be dismissed without prejudice.[3]

---

[1]This Court's civil docket reflects that while Paladino's habeas petition filed Jan. 29, 2007 was pending in this Court (Civil Action No. 07-370), he filed the present petition and an additional habeas petition both received by the Clerk of Court on Aug. 21, 2007 (Civil Action Nos. 07-4342 and 07-3464).

[2]The state court docket reflects that he has been charged with numerous serious criminal charges including, but not limited to, carjacking, aggravated assault, and possession of a firearm by a person prohibited from possessing firearms due to one or more felony convictions.

[3]Reports and Recommendations filed this same date in Paladino's other two habeas cases address the claims raised in those habeas petitions and make recommended dispositions consistent with this Report and Recommendation ("R&R").

Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of cases.[4]

Specifically, Rule 42(a) provides:

> If actions before the Court involve a common question of law or fact, the court may:
> (1)  join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  Paladino's three habeas petitions currently pending in this Court, see supra note 1, were each filed under 28 U.S.C. § 2241 and each of the petitions appears to raise related claims challenging his pretrial custody in the Philadelphia prison system while he awaits his trial scheduled to be held next month.  In that these habeas petitions involve common questions of law and fact, Paladino's three habeas petitions should be consolidated under Civil Action 07-370, pursuant to Rule 42(a).  See Fed. R. Civ. P. 42(a); see, e.g., Crum v. Ashcroft, 2007 WL 781935, at *2 (S.D. W. Va. Mar. 13, 2007) (§ 2241 petitions were consolidated pursuant to Rule 42(a)); D'Allessandro v. MacFarland, 2006 WL 2226330, at *2 (D. N.J. Aug. 3, 2006) (consolidated habeas petitions dismissed for failure to exhaust state court remedies); Wahab v. U.S. Dep't of Homeland Sec., 2005 WL 1155008, at *1 (M.D. Pa. May 11, 2005) (consolidated § 2241 petitions).  In addition, Civil Action Nos. 07-4342 and 07-3464 should be closed, the consolidated petitions under Civil Action No. 07-370 should be dismissed without prejudice, and petitioner's remaining motions should be denied.

---

[4]Under the rules governing § 2254 cases, applicable to § 2241 cases pursuant to Rule 1(b) of the habeas rules, see 28 U.S.C. foll. § 2254, Rule 1(b), the Federal Rules of Civil Procedure are applicable to habeas proceedings, see id., Rule 11.

The habeas petition filed in this action, Civil Action No. 07-4342, complains that although by Order filed September 6, 2007 in Civil Action 07-3464 the Honorable Berle M. Schiller granted petitioner's motion to proceed in forma pauperis and ordered that the U.S. Marshal "serve the complaint and summons on all defendants at no cost to plaintiff(s)," see Paladino v. Tariq Sheikh, No. 07-3464, Order (E.D. Pa. Sept. 6, 2007), "[t]o the best of the petitioner's knowledge, the complaint has not been served,"[5] see Hab. Pet. (Civ. A. No. 07-4342) ¶¶ 1-2. The habeas petition further complains that Paladino was not provided with a free copy of the docket entries in Civil Action Nos. 07-3464 and 07-370 and therefore that he was denied "access to the courts." Id. ¶¶ 4-8.

In Jupiter v. Warden, 237 Fed. Appx. 726 (3d Cir. 2007) (per curiam), "seek[ing] release from incarceration," a § 2241 petitioner alleged that the prison where he was incarcerated "deprived him of access to the courts because it intentionally or negligently failed to provide his legal materials to him and thereby prevented him from proceeding with the case." Id. at 727. The respondent contended that the petitioner's claims "were not cognizable under § 2241 because he **did not challenge the fact or duration of his confinement**," and the district court agreed, dismissing the petition. Id. (emphasis added). On appeal, summarily affirming the district court's judgment and citing Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002), the Third Circuit stated that the "District Court properly held that [the petitioner's] access to the courts

---

[5]The habeas petition also appears to mistakenly refer to a similar Order issued by Judge Schiller in Civil Action No. 07-3108. However, the docket reflects that that case appears to be a civil rights action which had been brought by Paladino, presided over by the Honorable Petrese B. Tucker, and closed by Judge Tucker in Sept. 2007. Since Judge Schiller did not issue an Order in that case, any complaints regarding an Order by Judge Schiller in that case would appear to be frivolous.

claim **does not lie at the core of habeas** and, thus, is not cognizable under § 2241." Jupiter, 237

Fed. Appx. at 728 (emphasis added).

In Leamer, the Third Circuit held that the petitioner's challenge to the **conditions of his**

**confinement** was properly brought in a civil rights action rather than a habeas petition.  Id. at

728 (citing Leamer).  The Court concluded that "unless the claim would fall within the 'core of

habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action

such as this is properly brought under [28 U.S.C.] § 1983."  Leamer, 288 F.3d at 544.  The Court

further found that the petitioner's claim in Leamer "not only does not fall within the core of

habeas; it would not be properly brought under habeas at all."  Id.; see also Jupiter, 237 Fed.

Appx. at 728.

In this case, to the extent that Paladino seeks pretrial release on the ground that he was

deprived of access to the courts, such a claim is not a cognizable habeas claim.  See Leamer, 288

F.3d at 544; see also Jupiter, 237 Fed. Appx. at 728.  As the Third Circuit stated in Jupiter:

> [Petitioner] claims that he should be released because [he was
> deprived] of meaningful access to the courts, which caused his
> incarceration to be unlawful.  We disagree.  The access to the
> courts claim has no bearing on the lawfulness of his incarceration.
> Nor would [petitioner's] ultimate success on the merits of the
> claim result in a speedier release from prison. . . . [Petitioner]
> cannot bring the claim in a habeas petition.

Jupiter, 237 Fed. Appx. at 728.

In addition, insofar as petitioner alleges that "the complaint [in Civil Action No. 07-3464]

has not been served," see Hab. Pet. (Civ. A. 07-4342) ¶ 2, he is apparently seeking to be released

from pretrial detention on the ground that respondents have not yet filed an Answer to his

petition in Civil Action No. 07-3464.  Initially, it is noted that a respondent was never ordered to

4

file an answer to the petition in Civil Action 07-3464.  Furthermore, as explained in the R&R

filed in Civil Action 07-370, a respondent's failure to respond to a habeas petition does not

relieve a petitioner of the burden of proving he is entitled to habeas relief.  See Alder v. Burt, 240

F. Supp.2d 651, 677 (E.D. Mich. 2003) (citing Allen v. Perini, 424 F.2d 134, 138 (6th Cir.), cert.

denied, 400 U.S. 906 (1970)).  Thus, a failure to answer a habeas petition is not grounds for

granting federal habeas relief.  See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The

failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to

a default judgment."); Allen, 424 F.2d at 138.  "[A] default judgment is not contemplated in

habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (citing Allen).  To the

extent that this petition may be construed as raising a cognizable habeas claim, for the reasons

more fully explained in the R&R filed in Civil Action No. 07-370, since Paladino has failed to

satisfy the exhaustion requirement and has failed to show "extraordinary circumstances"

warranting pretrial pre-exhaustion habeas relief in this case, his request for summary judgment

should be denied and his petition should be dismissed without prejudice.

Rule 4 of the habeas rules provides: "If it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner."[6]  28 U.S.C. foll. § 2254, Rule 4.

In the present case, for the reasons explained herein and in the Reports and Recommendations

filed in Civil Action Nos. 07-370 and 07-3464, it plainly appears that petitioner is not entitled to

relief at this time.

---

[6]As explained, see supra note 4, the rules governing § 2254 cases are applicable to § 2241 cases pursuant to Rule 1(b) of the habeas rules.  See 28 U.S.C. foll. § 2254, Rule 1(b); Howard v. Certain Unnamed Aircraft Pilots, 1995 WL 431150, *2 n.1 (N.D. Ill. July 18, 1995).

In that Paladino's three pending habeas petitions involve common questions of law and fact, his three petitions should be consolidated under Civil Action 07-370, and Civil Action Nos. 07-3464 and 07-4342 should be closed.  Furthermore, the consolidated habeas petitions should be dismissed without prejudice.[7]

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

Here, for the reasons set forth above and in the R&R filed in Civil Action 07-370, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the consolidated petitions without prejudice.  See Slack, 529 U.S. at 484.  Accordingly, a COA should not issue.

My Recommendation follows.

---

[7]Although petitioner filed a notice of appeal to the Court of Appeals for the Third Circuit while this habeas petition was pending in this Court, by Order dated Feb. 21, 2008, the Court of Appeals dismissed the appeal "for lack of jurisdiction because [petitioner sought] to appeal an order which [was] not final."  See Paladino v. Kunz, No. 07-4426, Order (3d Cir. dated Feb. 21, 2008).

## <u>RECOMMENDATION</u>

**AND NOW**, this 31st day of March, 2008, upon consideration of the Petition for Writ of

Habeas Corpus Under 28 U.S.C. § 2241, and in light of petitioner's other § 2241 petitions filed

in Civil Action Nos. 07-370 and 07-3464, for the reasons set forth in the accompanying Report

and in the Reports and Recommendations filed in petitioner's other pending habeas actions, it is

hereby **RECOMMENDED** that petitioner's three habeas petitions should be consolidated under

Civil Action No. 07-370, and that Civil Action Nos. 07-4342 and 07-3464 should be closed.  **IT**

**IS FURTHER RECOMMENDED** that the consolidated habeas petitions should be

**DISMISSED**, without prejudice, and that a certificate of appealability should not issue.[8]

/s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

[8]Petitioner is advised that objections to this Report and Recommendation may be filed. See Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.